STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-8

RONALD A. BOUTET, et al.,

Plaintiffs,

v.

**ORDER**

TOWN OF OLD ORCHARD BEACH and
DOMINATOR GOLF, LLC,

Defendants.

Originally approved in 1988 as a 589-condominium project and golf course, the Dunegrass subdivision has been the subject of a number of proceedings before the Town of Old Orchard Beach Planning Board. The most recent efforts to develop Dunegrass are the subject of this Rule 80B appeal. The Boutets, Pine Ridge Realty, and Dominator Golf are all currently involved in a matter pending before this court also concerning development at Dunegrass.[1] Before the court is Dominator Golf's motion to strike documents from the record and to excise portions of the plaintiffs' Rule 80B brief. Dominator Golf moves to strike five specific items and the reference to one of those items in the brief.

Regarding record contents, Rule 80B provides in relevant part:

The record shall include the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or

---
[1] *Dominator Golf, LLC v. Pine Ridge Realty Corp. et al.*, CV-14-33.

1

evidence before the governmental agency and a transcript or other record of any hearings. In lieu of an actual record, the parties may submit stipulations as to the record; however, the full decision and findings of fact appealed from, and the applicable ordinances, regulations, or private and special laws as detailed above shall be included.

M.R. Civ. P. 80B(e)(2).

Dominator Golf generally contends items 1, 5, 6, 8, and 19 were not before the Planning Board and therefore cannot be part of the record in this appeal. *See* Rule 80B(f) ("Except where otherwise provided by statute or by order of the court pursuant to subdivision (d) hereof, review shall be based upon the record of the proceedings before the government agency.")

Item 1 is the December 10, 1987 Planning Board minutes at which the original Dunegrass subdivision was approved. Item 5 is a copy of the deed transferring portions of the Dunegrass subdivision from the original developer to Pine Ridge, and Item 6 is a copy of the deed transferring Dunegrass property from Pine Ridge to Dominator Golf. Item 8 is a memorandum of understanding entered between Pine Ridge and Dominator Golf in which Dominator Golf agreed to purchase development approvals granted by the Planning Board. Item 19 is a letter from corporate counsel to the Town Planner addressing compliance with Maine Department of Environmental Protection approvals for Dunegrass.

The Planning Board drafted, considered, or was aware of each item in granting either the original approval in 1988 or subsequent amendments and relief to Dunegrass developers over the years.

Dominator Golf correctly points out review of the Rule 80B appeal is limited to "the record of the proceedings before the government agency." M.R. Civ. P. 80B(f). Read

2

narrowly, this would strictly limit the record to evidence considered during the underlying proceedings a plaintiff appeals from. The purpose is obvious: to limit the record to evidence that was actually considered by the Planning Board in rendering the decision under review. Otherwise, litigants could present new evidence in the Rule 80B appeal that the Board never had occasion to consider in the first instance, which would be prejudicial and inefficient. Here, however, the long and complex history of development at Dunegrass leads the court to interpret Rule 80B(e)(2) broadly to include not only documents expressly considered in the most recent approval on appeal, but also other related approvals, deeds, and other documents that have been submitted to, considered, and acted upon by the very same government agency—the Town Planning Board.

The court therefore denies the motion. The court's substantive review of plaintiffs' Rule 80B appeal will not turn on items unknown to the Board in acting on the most recent amendment to the subdivision approval. Dominator's motion is denied because Rule 80B(e)(2) does not require the court to strike items that illuminate the uniquely long and complex subdivision approval and amendment process at Dunegrass. Those items were part of "proceedings before the government agency" within the meaning of the rule and therefore may be considered by the court in this Rule 80B appeal. M.R. Civ. P. 80B(f).

The entry shall be:

3

Defendant's motion to strike is hereby DENIED.

SO ORDERED.

DATE: October 16 2015

                                                      John O'Neil, Jr.
                                                      Justice, Superior Court

4

AP-15-8

ATTORNEY FOR PLAINTIFF:
EDWARD S MACCOLL
THOMPSON BULL FUREY BASS & MACCOLL
P O BOX 447
PORTLAND ME  04112-0447

ATTORNEY FOR DEFENDANT DOMINATOR GOLF LLC:
MATTHEW S WARNER
PRETI FLAHERTY BELIVEAU LLP
P O BOX 9546
PORTLAND ME  04112-9546

ATTORNEY FOR DEFENDANT THE TOWN OF OLD ORCHARD BEACH:
PHILIP R SAUCIER
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME  04104-5029